[No. 18787.   Department Two.   January 20, 1925.]

Benjamin B. Putnam, *Respondent*, v. W. I.
Ewart *et al., Appellants.*[1]

Guaranty (12)—Continuing Guaranty—Discharge—Extension
of Time for Payment. A continuing guaranty of "any and all in-
debtedness" then owing or that might thereafter become due, does
not fall within Rem. Comp. Stat., §§ 3510 and 3582 of the negotiable
instruments act, so as to be discharged by extensions of time
through the giving of renewal notes after the making of the orig-
inal notes and the guaranty.

Appeal from a judgment of the superior court for
Chelan county, Grimshaw, J., entered December 26,
1923, upon findings in favor of the plaintiff, in an
action on contract, tried to the court.  Affirmed.

*W. O. Parr,* for appellants.

Fullerton, J.—This is an action upon a written con-
tract of guaranty.  The facts appear in the findings of
the trial court, based upon an agreed statement of
facts.  As disclosed in the record, they are in substance
these:  The German American Mercantile Bank is a
banking corporation, doing business at the city of
Seattle.  The Cashmere Lumber Company is a corpora-
tion engaged in the lumber business at Cashmere.  On
July 8, 1915, the lumber company was indebted to the
bank in the sum of $5,750, with some accrued interest.
The indebtedness was evidenced by promissory notes
to become due at a later date, and to secure the same
and procure further advancements to the lumber com-
pany, the appellants J. S. Bennett and C. A. Doty, to-
gether with one W. I. Ewart, executed and delivered
to the bank the following guaranty:

"Seattle, Washington, July 8th, 1915.
"For  Value  Received,  we  jointly  and  severally

[1]Reported in 232 Pac. 277.

hereby guarantee payment of any and all indebtedness and all liability of any kind whatsoever, now owing or due or which may hereafter become due from the Cashmere Lumber Co. to the German American Mercantile Bank to the extent of Ten Thousand and no-100 Dollars ($10,000.00), and waive notice of the acceptance of this guarantee and of any and all indebtedness at any time covered by the same. This is a several guaranty of every dollar of said indebtedness to the amount herein stated, whether the same or any part thereof be otherwise guaranteed or not. This guaranty shall continue until written notice of the discontinuance thereof shall be received by said German-American Mercantile Bank.                    W. I. Ewart.
                                    "J. S. Bennett.
                                    "C. A. Doty."

The notes payable at the time of the execution and delivery of the guaranty became due shortly thereafter and were renewed by the lumber company. The renewal notes were subsequently likewise renewed, and the bank made further advancements to the lumber company for which it took notes which were also once or more renewed, so that on December 12, 1916, the indebtedness of the lumber company to the bank amounted to the sum of $11,800. On the last mentioned date the indebtedness was put into three notes—two for $5,000 each and one for $1,800—each to become due ninety days after date. Each and every one of the renewals was made without the consent or knowledge of the guarantors. No notice, however, of the discontinuance of the guaranty as provided for therein was given to the bank by the guarantors prior to the last renewal. Only a small payment was made on the notes subsequent to the last renewal, and the bank assigned the notes to the respondent, who instituted the present action. The assignee was allowed to recover up to the amount stated in the guaranty, and this appeal is prosecuted therefrom.

It is the contention of the appellants that they are relieved from their obligation under the contract of guaranty by reason of the fact that the notes taken to evidence the debt from the lumber company to the bank were renewed from time to time and the time of payment of the several obligations extended without their consent and knowledge. In support of the contention, the appellants cite the negotiable instruments act, particularly §§ 3510 and 3582 [P. C. §§ 4191, 4263], as they are numbered in Remington's Compiled Statutes. It is our opinion, however, that the rule contended for is without application. Had the guarantors undertaken to guarantee the payment of a particular promissory note, or any number of particular notes, and the time of the payment of the note or notes had been extended without the consent of the guarantors, the rule contended for would doubtless have application. But such was not the contract of guaranty. It was a guaranty to pay "any and all indebtedness and all liability of any kind whatsoever," then owing or due or which might thereafter become due, up to a stated amount, and was to continue until written notice to the contrary should be given. This was a general guaranty of the indebtedness of the lumber company to the bank, not any particular indebtedness, and covered indebtedness incurred subsequent to the execution of the guaranty as well as that incurred prior thereto, so long as the incurrence was within the life of the guaranty. It seems manifest, therefore, that the form of the indebtedness between the bank and the lumber company cannot affect the liability of the guarantors. Whether the renewals of the notes be treated as extensions of time for the payment of existing indebtedness, or whether they be treated as payments of the existing indebtedness and the creation of a new in-

debtedness, they are equally within the terms of the guaranty. *Exchange Nat. Bank of Spokane v. Hunt,* 75 Wash. 513, 135 Pac. 224.

The judgment is affirmed.

MAIN, HOLCOMB, MACKINTOSH, and MITCHELL, JJ., concur.